Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thomas Abbott McKennell, for appellant.

John E. Ruston (Wm. Hepburn Russell and Wm. Beverly Winslow, on the brief), for respondent.

WILLARD BARTLETT, J. This is an appeal from a judgment in an action at law, tried before the court without a jury. The decision is in the short form prescribed by section 1022 of the Code of Civil Procedure, and concludes with a direction for judgment dismissing the complaint upon the merits, with costs. The appeal is based solely upon the judgment roll, the appeal book containing no portion of the evidence taken upon the trial. The idea of the appellant seems to be that, by reason of his exception to the short decision, the case is in the same condition as it would be if exceptions had been taken to a decision in which the findings of fact and conclusion of law were stated separately; in which event, if the findings of fact did not suffice to sustain the conclusion of law, a reversal could be obtained. This view seems to be erroneous. In Health Department v. Weeks, 22 App. Div. 110, 47 N. Y. Supp. 913, the appellate division in the First department unanimously held that, in the absence of the evidence taken upon the trial, a judgment based upon the short decision permitted by section 1022 of the Code should be upheld, notwithstanding the fact that the grounds specified in such decision are insufficient to warrant the judgment. Such a decision, without findings, was declared to be tantamount in fact to the general verdict of a jury. "Findings of fact and conclusions of law may still be made," said Mr. Justice Barrett. "Where they are so made an appellant may, by excepting to the conclusions of law, raise the question whether such conclusions are justified by the findings of fact. But this cannot be done where there are no distinct findings of fact."

In view of the condition of the record, I recommend an affirmance of the judgment upon the authority of the case cited.

Judgment affirmed, with costs. All concur.

---

(67 App. Div. 138.)

In re ASHLEY.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

LUNATICS — COMMITTEE—PETITIONER'S EXPENSES—FUNDS NOT IN HANDS OF COMMITTEE.

Under Code Civ. Proc. § 2336, providing that where a committee of the property is appointed in a lunacy proceeding the court must direct the payment by him out of the fund in his hands of the necessary disbursements of the petitioner, an order directing the payment of a part of the disbursements allowed petitioner out of funds belonging to the incompetent person, but not in the hands of the committee, is not erroneous, where the irregularity is expressly consented to by petitioner's attorney.

Appeal from special term, Kings county.

Application by Elsie Maude Ashley for the appointment of a committee of the person and property of William D. Ashley, an alleged incompetent person. From an order directing the payment of petitioner's disbursements, petitioner appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Thaddeus D. Kenneson, for appellant.

James G. Meyer, for respondent.

PER CURIAM. Counsel for the appellant insists that the provisions of section 2336 of the Code of Civil Procedure are mandatory, and that where a committee of the property is appointed in a lunacy proceeding the court must direct the payment by him out of the funds in his hands of the necessary disbursements of the petitioner. Assuming, without deciding, that this view is correct, there can be no doubt that the petitioner, through his or her attorney, could consent that the court direct that a part of the disbursements be paid, not out of funds in the hands of the committee, but out of other moneys belonging to the incompetent person. This is precisely what the learned judge below declares to have been done in the present case. By the order appealed from he has amended the original order by inserting therein a recital to the effect that, "by the consent of the attorney for the petitioner," $500 of the sum allowed said petitioner is to be paid out of moneys in the hands of the Massachusetts committee. We cannot assume that this recital, carefully inserted after a full review of the occurrences attending the making of the original order, is untrue. It must represent the judge's recollection of what occurred, stated under the sanction of his official oath; and, if such a consent was given, the petitioner cannot complain of the order, either in substance or form.

Orders affirmed, with $10 costs and disbursements.